# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LYNDA POWER,

    Plaintiff,

v.                                           Case No:   6:22-cv-747-RBD-LHP

CHROMADEX, INC.,

    Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (LONG FORM) (Doc. No. 2)
>
> **FILED:** April 18, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I. BACKGROUND.**

On April 18, 2022, Plaintiff Lynda Power, appearing *pro se*, filed a Complaint against Defendant Chromadex, Inc.  Doc. No. 1.  In short, Plaintiff purchased and

consumed Defendant's product – TruNiagen – and suffered injuries, for which Plaintiff attempts to assert claims against Defendant for negligence, strict products liability, and failure to warn. *Id.* Upon *sua sponte* review of the complaint, the Court determined that while Plaintiff claimed diversity of jurisdiction pursuant to 28 U.S.C. § 1332, she failed to properly identify the citizenship of either party. Doc. No. 6, at 2. The Court dismissed the Complaint without prejudice and gave Plaintiff leave to file an amended complaint correcting the deficiency identified in the Court's Order on or before Tuesday, May 10, 2022. *Id.*

On May 6, 2022, Plaintiff timely filed her amended complaint. Doc. No. 7. Upon *sua sponte* review of the amended complaint, the Court determined that Plaintiff still had not sufficiently alleged the citizenship of Defendant and that the amended complaint was a shotgun pleading. Doc. No. 8. Specifically, the Court noted that Plaintiff claimed Defendant's principal office was in California but did not make any claims as to Defendant's principal place of business, which is the relevant inquiry for diversity of citizenship. *Id.*, at 1.

With regard to the issue of shotgun pleading, the Court noted that Plaintiff "pleads both negligence and strict products liability claims, but she does not label the counts and she follows those apparent claims with a litany of factual allegations not plainly connected to either." *Id.*, at 2. As such, the Court directed Plaintiff to file a second amended complaint laying out the facts in numbered paragraphs and

then laying out the counts, numbering the counts, and identifying which numbered factual allegations support each count. *Id.* The Court dismissed the amended complaint without prejudice, provided Plaintiff until May 25, 2022 to file a second amended complaint, and expressly stated that Plaintiff would be given "one more chance to properly replead before this case is dismissed." *Id.*

On May 23, 2022, Plaintiff timely filed her second amended complaint. Doc. No. 15. With the original complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which has been construed as a motion to proceed *in forma pauperis*. Doc. No. 2. The motion to proceed *in forma pauperis* has been referred to the undersigned, and the matter is ripe for review. Upon consideration, I will respectfully recommend that the motion be denied and that the case be dismissed without further leave to amend.

**II.    STANDARD OF REVIEW.**

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary

relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii).[1] A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Additionally, under Federal Rule of Civil Procedure 12(h)(3), a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[2] "[I]t is incumbent upon federal courts trial and appellate to constantly examine the

---

[1] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citations omitted).[3]

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

## III. SECOND AMENDED COMPLAINT

As previously noted, Plaintiff's claims are premised on her use of Defendant's product, TruNiagen. Doc. No. 15, at ¶¶ 19-26. Plaintiff alleges that prior to using Defendant's product, she was "very healthy in every regard, with an excellent health regimen well above the average." *Id.*, at ¶ 20. However, Plaintiff alleges that TruNiagen changed this and "caused direct and immediate damage to" Plaintiff's autonomic nervous system. *Id.*, at ¶ 22. Due to this, Plaintiff brings three separate causes of action for negligence, strict product liability, and failure to warn against Defendant. *Id.*, at ¶¶ 27-28, 29-31, 32-33.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiff's first count confusingly alleges both a claim for negligence based on Defendant's alleged failure to conduct thorough product testing before releasing TruNiagen, as well as alleging a breach of warranty due to Defendant's failure to keep the implied promise between manufacturers and consumers – that its product was safe to use if operated with its intended purposes. *Id.*, at ¶¶ 27-28. With respect to the facts of this claim (for either negligence or breach of warranty) Plaintiff then states the following:

> (Paragraphs 54-56, 61, 65-71, 72-73, 76, 79, 80, 81, 82-92 and 93-99 - specifically describe the medical emergencies and emotional and physical suffering endured abruptly after ingesting Niagen). ("Facts of the Case", in its entirety, describe how the events unfolded from start to finish, Paragraphs 45-100.).

*Id.*, at ¶ 28.

Next, Plaintiff purports to allege a claim for strict products liability because TruNiagen was defective and inherently and unreasonably dangerous based on a failure to conduct sufficient testing. *Id.,* at ¶ 29. Plaintiff then seeks to adopt the same allegations into her second count as she does in the first count:

> (Paragraphs 54-56, 61, 65-71, 72-73, 76, 79, 80, 81, 82-92, and 93-99 – specifically describe the medical emergencies and emotional and physical suffering endured abruptly after ingesting Niagen, supporting the assertion that this is a product that does not perform safely within normal and intended use by the average consumer, being therefore defective and unreasonably dangerous for many.) ("Facts of the Case", in its entirety, describe how the events unfolded from start to finish, Paragraphs 45-100).

*Id.*, at ¶ 31.

Finally, Plaintiff purports to allege a claim for "strict products liability: failure to warn." *Id.,* at 9. In this count, Plaintiff alleges that the marketing of TruNiagen was defective due to the manufacturer's failure to indicate adequate warnings that would have allowed the Plaintiff to exercise caution in determining whether to purchase the product. *Id.,* at ¶ 32. Plaintiff alleges that there were risks that could have been avoided if Defendant issued appropriate warnings. *Id.* Unlike the prior two claims, Plaintiff provides some additional factual detail specific to this claim – including a summary of how she was targeted with TruNiagen advertisements in the Spring of 2018, how those ads described the product, and how she felt about using the product based on those ads. *Id.,* at ¶¶ 34-36. Plaintiff also summarizes the testing that was implied to have been done versus the little testing that was actually performed. *Id.,* at ¶ 37. Plaintiff then incorporates some of the same paragraphs previously incorporated into the other two claims::

> (Paragraphs 47, 49, 50 describe the plaintiffs [sic] initial "introduction" to the product and its lack of adequate warning). (Within this particular Count, Count III, Strict Products Liability- Failure To Warn", paragraphs 32-41 describe this inadequacy as well).

*Id.,* at ¶ 44.

The remainder of the second amended complaint consists of a section entitled "facts of the case" that spans nearly twenty pages and contains nearly sixty allegations. *Id.,* at ¶¶ 45-100. Plaintiff describes her health regimen and health

- 7 -

history, the TruNiagen advertisements, and her experience taking TruNiagen and its effects on Plaintiff's life. *Id.*, at ¶¶ 45-100. Plaintiff then has a section entitled "Unsettling Reviews of Niagen and Alleged Reports of Chromadex Inc. Manipulating the Removal of Consumers' Negative Reviews" which describes certain reviews of TruNiagen. *Id.*, at ¶¶ 101-110. Plaintiff concludes with a statement that she is seeking "compensatory damages for pain and suffering, financial loss as well as the prolonged disruption and endangerment of her life . . . ." Doc. No. 15, at 39. However, Plaintiff nowhere identifies any specific amount of damages that she is requesting.

**IV. ANALYSIS.**

Upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff qualifies as a pauper pursuant to § 1915(a)(1). However, upon review of Plaintiff's second amended complaint (Doc. No. 15), Plaintiff fails to adequately establish subject matter jurisdiction. Plaintiff has also not corrected the shotgun pleading deficiency specifically identified in the Court's second order. *See* Doc. No. 8.

    A.    <u>Subject Matter Jurisdiction</u>

Federal courts have original jurisdiction over civil actions: (1) where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000.00, exclusive of interests and costs (*i.e.*, diversity

jurisdiction); *see* 28 U.S.C. § 1332; or (2) arising under the Constitution, laws, or treaties of the United States (i.e., federal question jurisdiction), *see* 28 U.S.C. § 1331.

Plaintiff's second amended complaint seeks to establish jurisdiction under 28 U.S.C. § 1332. It appears that Plaintiff has now properly alleged the citizenship of all parties such that complete diversity exists. Doc. 15, at ¶¶ 2-12; *see also* Doc. Nos. 15-4, 15-5, 15-6. However, Plaintiff's second amended complaint is devoid of any allegations as to the amount of monetary relief that she is seeking, and therefore she fails to establish that the amount in controversy exceeds $75,000. Rather, Plaintiff merely quotes the text of 28 U.S.C. § 1332, but otherwise does not identify any amount in controversy or establish that she is seeking damages in excess of $75,000. *See* Doc. No. 15, at ¶ 2, and page 39.

When jurisdiction is premised on the diversity of the parties, the court is obligated to assure itself that the case involves the requisite amount in controversy. *Santarsiero v. Martin*, No. 2:22-cv-00435-FtM-29NPM, 2020 WL 344574, at *1 (M.D. Fla. Feb. 4, 2022) (citing *Morrison v. Allstate Indem. Co.*, 288 F.3d 1255, 1261 (11th Cir. 2000)). "To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Bush v. Bank of America, N.A.* No. 6:18-cv-528-Orl-18GJK, 2018 WL 3635116, at *2 (M.D. Fla. June 21, 2018) (quotations and citations

omitted). Because Plaintiff has failed to allege any sum in good faith, she has not satisfied the amount in controversy requirement of 28 U.S.C. § 1332. Accordingly, the undersigned will recommend that Plaintiff's second amended complaint be dismissed. *See, e.g., Armstead v. Fla. State Hosp. for Criminally Insane*, No. 6:18-cv-1195-Orl-41KRS, 2018 WL 6069644, at *1 (M.D. Fla. July 27, 2018) (under 28 U.S.C. § 1915 review, the court dismissed plaintiff's complaint for, among other things, not alleging an amount in controversy pursuant to 28 U.S.C. § 1332) *report and recommendation adopted,* 2018 WL 6065348, at *1 (M.D. Fla. Nov. 20, 2018); *see also Bounaccorsi v. Marion Cnty. Com'rs*, 5:06-cv-285-Oc-10GRJ, 2006 WL 4792781, at *2-3 (M.D. Fla. Oct. 6, 2006) (under 28 U.S.C. § 1915 review, the court dismissed plaintiff's complaint with prejudice for, among other things, "fail[ing] to allege any facts suggesting that the amount in controversy exceeds the sum of $75,000.").

B. <u>Shotgun Pleading</u>

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts

not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Plaintiff's second amended complaint constitutes the first three types of shotgun pleading. First, Plaintiff's count for negligence appears to combine two causes of action – negligence and breach of warranty – which are not separated by different headings. Doc. No. 15, at ¶¶ 27-28. *See Weiland*, 792 F.3d at 1322-23 (finding a complaint that does not separate into a different count each cause of action or claim for relief constitutes an impermissible shotgun pleading); *Bickerstaff Clay Prods. Co. v. Harris Cnty.*, 89 F.3d 1481, 1485, n.4 (11th Cir. 1996) ("The complaint is a typical shotgun pleading, in that some of the counts present more than one discrete claim for relief."). Second, Plaintiff's claims for negligence and/or breach of warranty and strict products liability cite to and incorporate the same 56 paragraphs describing Plaintiff's "medical emergencies" and "emotional and physical suffering," and overall "facts of the case," without specifying which paragraphs relate to which claims and how. *See* Doc. No. 15, at ¶¶ 27-29

(incorporating paragraphs 45-100). *See Weiland,* 792 F.3d at 1322 (a shotgun pleading is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding complaint "all-too-typical shotgun pleading" where many of the factual allegations appear to relate to only one or two counts, or to none of the counts at all). In addition, the "Facts of the Case" section of the second amended complaint spans nearly twenty pages and fifty-six paragraphs and is largely pled in a stream of conscious manner that is difficult to follow. Doc. No. 15, at ¶ 45-100; *see also McMahon v. Hunter*, No. 2:06-CV-00179-34DNF, 2007 WL 1952906, at *1-3 (M.D. Fla. July 2, 2007) (striking a twenty-six page complaint as shotgun pleading where it was largely pled in a stream of consciousness and the allegations were, among other things, disorganized, "peppered with irrelevancies" and made "little attempt to separate factual allegations from legal theories . . . .").

For these reasons, I will also recommend that the case be dismissed as an improper shotgun pleading.[4]

C. <u>Dismissal with Prejudice</u>

Ordinarily, a *pro se* party should be given one opportunity to file an amended

---

[4] I further note that it does not appear that Plaintiff has sufficiently alleged claims for relief. Plaintiff nowhere identifies the elements of each asserted claim, nor does she identify which factual allegations relate to each element of each claim.

complaint. *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))). Here, Plaintiff has already been afforded two (2) opportunities to properly allege diversity jurisdiction, and one (1) opportunity to correct the shotgun pleading deficiency, and has failed to do so. *See* Doc. Nos. 6, 8. Further, the Court specifically informed Plaintiff that she would only be provided "one more chance to properly replead before this case is dismissed." Doc. No. 8, at 2.

Under these circumstances, the undersigned will also recommend that Plaintiff's second amended complaint be dismissed without further leave to amend. *See Carter v. Taylor, Bean & Whitaker Mortgage Co.*, No. 5:09-cv-439-Oc-10GRJ, 2009 WL 10712719, at *1-3 (M.D. Fla. Oct. 27, 2009) (dismissing *pro se* complaint with prejudice, under 28 U.S.C. § 1915 review, because the complaint "represents the quintessential shotgun pleading . . . ."), *report and recommendation adopted*, 2009 WL 10712720 (M.D. Fla. Dec. 8, 2009); *Lodge v. Hale*, No. CV 121-105, 2021 WL 1300120, at *1-2 (S.D. Ga. Mar. 17, 2021) (dismissing *pro se* complaint with prejudice as it was an "impermissible shotgun pleading."), *report and recommendation adopted*, 2021 WL 1306383 (S.D. Ga. Apr. 7, 2021); *See Foman v. Davis*, 371 U.S. 178, 182 (1962)

(emphasis added) (leave to amend may be denied based on the factual circumstances of the case, "such as undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . .") (emphasis added).[5]

## IV. RECOMMENDATION.

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY** the motion to proceed *in forma pauperis* (Doc. No. 2).

2. **DISMISS** the second amended complaint (Doc. No. 15) **WITH PREJUDICE**, and without further leave to amend, and

3. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives

---

[5] In the event the Court disagrees with the undersigned's recommendations as to dismissal without leave to amend, I respectfully recommend in the alternative that the second amended complaint be dismissed without prejudice, and that Plaintiff be provided one final opportunity to file an amended pleading, which: (1) sufficiently alleges an amount in controversy; (2) separates each count by separate headings and identifies the precise factual allegations that relate to each claim; and (3) for each separate claim for relief, sufficiently alleges the elements and identifies the precise factual allegations that support each element of each claim.

that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on August 2, 2022.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties